UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELEANOR A. BATUHAN,<br><br>  Plaintiff,<br><br>   v.<br><br>ASSURITY FINANCIAL SERVICES, LLC, et al.,<br><br>  Defendants. | Case No. 15-cv-04526-WHO<br><br>**ORDER REGARDING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS AND PLAINTIFF'S MOTION TO STRIKE**<br><br>Re: Dkt. Nos. 13, 19 |

**INTRODUCTION**

Pro se plaintiff Eleanor Batuhan brings this action for breach of contract, slander of title, and declaratory relief against defendants Assurity Financial Services, LLC ("Assurity"), the original lender on her mortgage loan, and Caliber Home Loans ("Caliber"), the current loan servicer.[1] Caliber moves for judgment on the pleadings, and Batuhan moves to strike Caliber's answer, or, in the alternative, each of the affirmative defenses that Caliber alleges in its answer. Oral argument on these motions is unnecessary, and the hearing set for December 9, 2015 is VACATED. Batuhan's complaint is devoid of allegations plausibly indicating that she is entitled to relief against Caliber, and the motion for judgment on the pleadings is GRANTED. In light of this ruling, the motion to strike is DENIED AS MOOT. Batuhan shall file her amended complaint, if any, within 20 days of the date of this Order.

**BACKGROUND**

On September 2, 2008, Batuhan obtained a loan in the amount of $324,901.00. Deed of

---

[1] According to the notice of removal, Assurity dissolved in 2010. Notice of Removal ¶ 5 (Dkt. No. 1). It has not appeared in this action. Only Caliber moves for judgment on the pleadings.

Trust at p. 1 (Compl. Ex. C, Dkt. No. 1).  The loan was secured by a Deed of Trust on the real property located at 4572 Wildcat Circle in Antioch, California.  *Id.*  The Deed of Trust identifies Commonwealth Land Title as the trustee, Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary, and Assurity as the lender.  *Id.*

Batuhan alleges that at some point shortly after she obtained the loan, Assurity "sold its interest in the Deed of Trust and note to [Ginnie Mae] and became in violation of the contract by not complying with the requirements of the Deed of Trust."  Compl. ¶ 10 (Dkt. No. 1).

On January 14, 2010, a "Substitution of Trustee and Assignment of Deed of Trust" was recorded in the Contra Costa County Recorder's Office documenting the assignment of "all beneficial interest" under the Deed of Trust from MERS to BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing LP.  *Id.* ¶ 12, Ex. D.

On November 5, 2014, Caliber sent Batuhan a "Notice of Sale of Ownership of Mortgage Loan" informing her that on September 15, 2014 her loan had been sold to LSF9 Master Participation Trust.  *Id.* ¶ 13, Ex. E.  Caliber is the loan servicer for LSF9 Master Participation Trust.  *Id.* ¶ 13, Ex. E.

Batuhan initiated this action on July 22, 2015 in the Superior Court of California for the County of Contra Costa.  Dkt. No. 1.  Her complaint brings three causes of action against Assurity and Caliber: (1) breach of contract; (2) slander of title; and (3) declaratory judgment.  Among other relief, she seeks her "actual, out-of-pocket damages," "[m]onetary relief over $100,000.00 but not more than $2,000,000.00," "[a] refund of any wrongfully or improperly collected fees and payments to defendants to which [they] had no right," and that the Deed of Trust "be released by the Court as per the terms of the Contract."  Compl. at Prayer for Relief.

Caliber removed the case to federal court on September 2, 2015 on the basis of diversity jurisdiction.  Dkt. No. 1.  Batuhan filed her motion to strike on October 23, 2015.  Dkt. No. 13.  Caliber filed its motion for judgment on the pleadings on October 30, 2015.  Dkt. No. 19.

Batuhan submitted a brief in opposition to Caliber's motion for judgment on the pleadings on November 24, 2015, eleven days after the November 13, 2015 filing deadline.  Dkt. No. 24.  Her argument in support of her complaint consists of two paragraphs – one summarizing the basic

standard for a motion for judgment on the pleadings (with citations to California state law) and the other arguing that Caliber's motion is "nearly impossible to decipher," and that "there are no facts which can be found in [Caliber's] favor to support [its] motion." *Id.* at 3.  Neither paragraph cites or otherwise refers to any specific portions of Batuhan's complaint or Caliber's motion.[2]

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).  "Judgment on the pleadings is properly granted when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).

"Analysis under Rule 12(c) is substantially identical to analysis under [Federal Rule of Civil Procedure 12(b)(6)] because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (internal quotation marks omitted).  "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).  While a complaint "need not contain detailed factual allegations" to survive a Rule 12(b)(6) motion, "it must plead enough facts to state a claim to relief that is plausible on its face." *Cousins v. Lockyer*, 568 F.3d 1063, 1067-68 (9th Cir. 2009) (internal quotation marks and citations omitted).  A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

In considering whether a claim satisfies this standard, the court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031) (9th Cir.

---

[2] Caliber seeks judicial notice of a number of documents in conjunction with its motion for judgment on the pleadings.  Dkt. No. 20.  Because I do not rely on any of the documents in resolving the motion, the request is DENIED AS MOOT.

2008). However, "conclusory allegations of law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6) dismissal." *Cousins*, 568 F.3d at 1067 (internal quotation marks omitted). "[I]t is within [the court's] wheelhouse to reject, as implausible, allegations that are too speculative to warrant further factual development." *Dahlia v. Rodriguez*, 735 F.3d 1060, 1076 (9th Cir. 2013).

"Where a court grants . . . a motion for judgment on the pleadings under Rule 12(c), leave to amend should be freely given if it is possible that further factual allegations will cure any defect." *Lopez v. Regents of Univ. of California*, 5 F. Supp. 3d 1106, 1113 (N.D. Cal. 2013).

## DISCUSSION

Caliber contends that it is entitled to judgment on the pleadings on each of Batuhan's three causes of action. For the following reasons, I agree.

### I. FIRST CAUSE OF ACTION: BREACH OF CONTRACT

The elements of a claim for breach of contract under California law are: (1) existence of a contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach. *Abdelhamid v. Fire Ins. Exch.*, 182 Cal. App. 4th 990, 999 (2010); *CDF Firefighters v. Maldonado*, 158 Cal. App. 4th 1226, 1239 (2008).

Batuhan's breach of contract cause of action is based on the theory that Caliber breached Covenant 19 of the Deed of Trust, which provides as follows:

> 19. Reconveyance. Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to reconvey the Property and shall surrender this Security Instrument and all notes evidencing debt secured by this Security Instrument to Trustee. Trustee shall reconvey the Property without warranty to the person or persons legally entitled to it. Such person or persons shall pay any recordation costs. Lender may charge such person or persons a fee for reconveying the Property, but only if the fee is paid to a third party (such as the Trustee) for services rendered and the charging of the fee is permitted under applicable law.

Deed of Trust at p. 7.

This theory fails for at least two reasons. First, Batuhan does not plead facts that plausibly establish the existence of any contractual relationship between herself and Caliber, which is not a party to the Deed of Trust. *See Howard v. First Horizon Home Loan Corp.*, No. 12-cv-05735-

4

JST, 2013 WL 3146792, at *2-3 (N.D. Cal. June 18, 2013) (dismissing a breach of contract claim against a loan servicer predicated on a deed of trust, where the loan servicer was not a party to the deed of trust and the plaintiff's allegations failed to establish a contractual relationship with the loan servicer); *see also Connors v. Home Loan Corp.*, No. 08-cv-01134, 2009 WL 1615989, at *6 (S.D. Cal. June 9, 2009); *Lomboy v. SCME Mortgage Bankers*, No. 09-cv-01160-SC, 2009 WL 1457738, at *5 (N.D. Cal. May 26, 2009). Second, Batuhan does not plausibly allege that Caliber (or any other party) has breached Covenant 19. The provision plainly requires reconveyance only "[u]pon payment of all sums secured by this Security Instrument." Deed of Trust at p. 7. Nothing in the complaint or its exhibits indicates that this requirement has been satisfied. The first cause of action for breach of contract is DISMISSED WITH LEAVE TO AMEND.

## II.   SECOND CAUSE OF ACTION: SLANDER OF TITLE

To prevail on a cause of action for slander of title under California law, a plaintiff must show "(1) a publication, (2) which is without privilege or justification, (3) which is false, and (4) which causes direct and immediate pecuniary loss." *Alpha & Omega Dev., LP v. Whillock Contracting, Inc.*, 200 Cal. App. 4th 656, 664 (2011) (internal quotation marks and alterations omitted); *accord Manhattan Loft, LLC v. Mercury Liquors, Inc.*, 173 Cal. App. 4th 1040, 1051 (2009). Batuhan's slander of title cause of action appears to be based on Caliber's sending of the Notice of Sale on November 5, 2014. However, the facts alleged in the complaint do not plausibly establish that Caliber was without privilege or justification to send the letter, that the contents of the letter were false, or that Batuhan has suffered the sort of harm that gives rise to a slander of title claim. Batuhan's opposition brief does not shed light on any of these deficiencies, and the factual and legal theories on which she means to base this cause of action remain unclear. The second cause of action for slander of title is DISMISSED WITH LEAVE TO AMEND.

## III.   THIRD CAUSE OF ACTION: DECLARATORY RELIEF

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction . . . , upon the filing of an appropriate pleading, [a federal court] may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201.

Under her declaratory relief cause of action, Batuhan states that she seeks a declaration from the Court that:

> a. [Assurity] did not comply with the Deed of Trust, specifically, Covenant 19.
>
> b. Because [Assurity and Caliber] did not comply with the Deed of Trust and recording requirements pursuant to statutory requirements of law, plaintiff's title has been slandered.
>
> c. Because each and every "Lender" who bought the Note and assumed the Deed of Trust from the previous "Lender," failed to comply with Covenant 19, thus breaching the contract, plaintiff seeks a declaration that she is the sole title holder to the property.

Compl. ¶ 14.

To the extent that Batuhan's declaratory relief cause of action is based on the alleged breach of Covenant 19 of the Deed of Trust, it fails for the reasons discussed above with respect to the breach of contract cause of action. *See, e.g., Jackson v. Atl. Sav. of Am.*, No. 13-cv-05755-CW, 2014 WL 4802879, at *3-4 (N.D. Cal. Sept. 26, 2014) (dismissing the plaintiff's declaratory relief cause of action on the ground that it was "based on the same facts alleged to support her other causes of action" and "fail[ed] for the same reasons"). To the extent that the cause of action is based on Caliber's alleged failure to comply with "recording requirements pursuant to statutory requirements of law," it fails because Batuhan does not explain, either in her complaint or in her opposition brief, what recording requirements Caliber has failed to comply with, or how it has failed to comply with them. The purpose of Federal Rule of Civil Procedure 8(a)(2) is to provide the defendant with "fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and alterations omitted). Batuhan's vague reference to unidentified recording requirements does not provide Caliber with fair notice of either what her claim is or what it is based on. The declaratory relief cause of action is DISMISSED WITH LEAVE TO AMEND.

## CONCLUSION

Caliber's motion for judgment on the pleadings is GRANTED, and Batuhan's complaint is DISMISSED WITH LEAVE TO AMEND. I realize that Caliber urges that the dismissal be with prejudice in light of the lack of merit of the complaint as described in this Order, and there is force

6

to Caliber's assertion that amendment may be futile. But the standard for allowing leave to amend is generous, and I will allow it here. Batuhan shall file her amended complaint, if any, within 20 days of the date of this Order.

Batuhan's motion to strike Caliber's answer is DENIED AS MOOT.

**IT IS SO ORDERED**.

Dated: December 3, 2015



WILLIAM H. ORRICK
United States District Judge