UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELSEY BLAKELY,<br><br>            Plaintiff,<br><br>     v.<br><br>FEDERAL RESERVE BANK OF SAN FRANCISCO,<br><br>            Defendant. | Case No. 15-cv-04692-WHO<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>Re: Dkt. No. 25 |

Currently before me is defendant's motion to dismiss plaintiff's retaliation claims asserted in her First Amended Complaint. Dkt. No. 25. Pursuant to Civil Local Rule 7-1(b), this matter is appropriate for resolution without oral argument, and I VACATE the March 23, 2016 hearing. The motion to dismiss is DENIED.

In my prior Order, I dismissed plaintiff's retaliation claims under Title VII and California's Fair Employment Housing Act because plaintiff's allegations regarding "the knowledge of the decision makers" about her alleged protected activity were deficient. Dkt. No. 18 (Jan. 11, 2016, Order) at 4. Plaintiff's First Amended Complaint adds allegations that: (i) she created a spreadsheet in mid-January 2013, documenting defendant's history of sex discrimination, FAC ¶¶ 19, 20; (ii) she showed the spreadsheet to co-workers, including a co-worker "who showed the spreadsheet to Defendant's HR and legal departments and identified Plaintiff as the author," *id*. ¶ 22; (iii) upon information and belief, the spreadsheet was also shared with the individuals who were responsible for deciding to eliminate plaintiff's position, *id*. ¶ 22; and (iv) her information and belief is based in part, on comments made during a meeting with her those specific decision-makers that they "knew" of plaintiff's belief that there were gender disparities in promotions, *id*. ¶ 27, as well as the fact only one position (hers) was eliminated soon after her spreadsheet was created and shared. *Id*. ¶¶ 27-28.

Defendant argues that these additional allegations are insufficient to state a claim for retaliation because plaintiff still fails to (i) identify by name the co-worker who allegedly showed plaintiff's spreadsheet to defendant's HR and legal departments and (ii) allege that she "gave" that co-worker a copy of the spreadsheet.[1]  Those allegations are not required for plaintiff to assert a plausible retaliation claim for pleading purposes.  Plaintiff has sufficiently alleged that defendant knew of her spreadsheet and that she shared the spreadsheet with co-workers to oppose defendant's alleged practice of sex discrimination, and that defendant eliminated her position as a result of that opposition.  Defendant may be right that plaintiff's retaliation claim will fail as an evidentiary matter.  But that will be determined on summary judgment or at trial, not on a motion to dismiss.

Defendant's motion to dismiss is DENIED.  It shall answer by March 31, 2016.

**IT IS SO ORDERED**.

Dated: March 16, 2016



WILLIAM H. ORRICK
United States District Judge

---

[1] Defendant also argues that plaintiff's identification of Marta Posada in plaintiff's pleadings – but not her original or amended complaint – as the co-worker who shared the spreadsheet with defendant's HR and legal departments cannot save her claim because Marta Posada has stated under penalty of perjury that she does not recall plaintiff giving her a copy of the spreadsheet. Reply at 2 & Dkt. No. 30-1 (Declaration of Marta Posada). Defendant offers no grounds – and there are none – that allow the court to review the Posada declaration without turning this motion into one for summary judgment. I will not consider the Posada Declaration or other facts asserted by defendant that are outside of the pleadings in ruling on its motion to dismiss.