UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ELEANOR A. BATUHAN,

    Plaintiff,

    v.

ASSURITY FINANCIAL SERVICES, LLC, et al.,

    Defendants.

Case No. 15-cv-04526-WHO

**ORDER GRANTING MOTION TO DISMISS**

Re: Dkt. No. 34

## INTRODUCTION

Defendant Caliber Home Loans ("Caliber") moves to dismiss pro se plaintiff Eleanor Batuhan's first amended complaint ("FAC") for breach of fiduciary duty, slander of title, intentional infliction of emotional distress, and declaratory judgment. The FAC, like the original complaint that I dismissed, is devoid of allegations plausibly entitling Batuhan to relief against Caliber. The motion to dismiss was fully briefed before I sent the case to mediation, which proved unsuccessful, and no hearing is necessary on it. The motion is GRANTED. Batuhan will have one last opportunity to amend.

## BACKGROUND

### I. ORIGINAL COMPLAINT

Batuhan initiated this action on July 22, 2015 in the Superior Court of California for the County of Contra Costa. Dkt. No. 1. According to her original complaint and the exhibits attached to it, she obtained a loan on September 2, 2008 in the amount of $324,901.00. Deed of Trust at p. 1 (Compl. Ex. C, Dkt. No. 1). The loan is secured by a Deed of Trust on the real property located at 4572 Wildcat Circle in Antioch, California. *Id.* The Deed of Trust identifies Commonwealth Land Title as the trustee, Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary, and Assurity Financial Services, LLC ("Assurity") as the lender. *Id.*

Batuhan alleged that at some point shortly after she obtained the loan, Assurity "sold its interest in the Deed of Trust and Note to [Ginnie Mae] and became in violation of the contract by not complying with the requirements of the Deed of Trust." Compl. ¶ 10.  A "Substitution of Trustee and Assignment of Deed of Trust" dated December 30, 2009 and recorded in the Contra Costa County Recorder's Office on January 14, 2010 documents (1) the removal of Commonwealth Land Title as trustee and the substitution of Recontrust Company, N.A. as trustee; and (2) the assignment of "all beneficial interest" under the Deed of Trust from MERS to BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing LP.  *Id.* ¶ 12, Ex. D.

On November 5, 2014, Caliber sent Batuhan a "Notice of Sale of Ownership of Mortgage Loan" informing her that on September 15, 2014 "the prior owner"[1] of her loan had "sold, transferred, or assigned" the loan to LSF9 Master Participation Trust.  *Id.* ¶ 13, Ex. E.  The Notice of Sale identifies Caliber as the servicer of Batuhan's loan.  *Id.* ¶ 13, Ex. E.

The original complaint brought three causes of action against defendants Caliber and Assurity: (1) breach of contract, (2) slander of title, and (3) declaratory judgment.  Caliber removed the case to federal court on the basis of diversity jurisdiction, filed an answer, and moved for judgment on the pleadings.[2]  Dkt. Nos. 1, 6, 19.  On December 3, 2015, I granted the motion.  Dkt. No. 28 ("Prior Order").  I acknowledged the strength of Caliber's argument that further amendment could be futile but allowed Batuhan leave to amend.  *Id.* at 6-7.

## II.   FIRST AMENDED COMPLAINT

Batuhan filed the FAC on December 18, 2015.  Dkt. No. 30.  The factual allegations in the FAC, and the exhibits attached to it, are largely identical to those of the original complaint, although there are some material differences.  Batuhan alleges for the first time that Caliber issued to her a Notice of Default dated December 31, 2014.  FAC ¶ 9.  The Notice of Default states that Batuhan is in default under the terms of her loan and that she must pay $43,480.99 by February 4,

---

[1] The Notice of Sale does not identify "the prior owner" of the loan.  *See* FAC Ex. E.

[2] According to the notice of removal, Assurity dissolved in 2010.  Notice of Removal ¶ 5 (Dkt. No. 1).  It has not appeared in this action.  Only Caliber previously moved for judgment on the pleadings, and only Caliber now moves to dismiss.

2015 to cure the default. FAC Ex. F. It also warns that "[f]ailure to cure the default on or before this date may result in acceleration of the sums secured by the Security Instrument and sale of the property." *Id.* Batuhan alleges that "[t]here are no recorded documents granting [Caliber] [the] authority to Default or Accelerate [plaintiff's] purported loan." FAC ¶¶ 8, 10. Although the FAC includes these new allegations regarding the Notice of Default, there remains no indication that foreclosure proceedings have been initiated.

The FAC abandons the breach of contract cause of action from the original complaint but maintains the causes of action for slander of title and declaratory judgment. It also brings two new causes of action, breach of fiduciary duty and intentional infliction of emotional distress. *Id.* ¶¶ 12-41.

On January 7, 2016, Caliber moved to dismiss. Dkt. No. 31. Batuhan submitted her opposition brief on January 27, 2016, six days after the filing deadline. Dkt. No. 37. ("Oppo.").[3] Batuhan dedicates the vast majority of her four-page opposition brief to discussing the standard of review on a motion to dismiss for failure to state a claim. *See* Oppo. at 1-4. She does not cite or otherwise refer to any specific portions of either her FAC or Caliber's motion. *See id.* She does note that she has "several other claims associated with these claims . . . that could be brought upon an amendment of [her] complaint." *Id.* at 3.

On February 20, 2016, I vacated the hearing on the motion to dismiss and referred the case to the Court's ADR unit, pursuant to Civil Local Rule 16-8 and ADR Local Rule 2-3, for a telephone conference to assess this case's suitability for mediation or a settlement conference. Dkt. No. 39. The ADR process was not successful.[4]

**LEGAL STANDARD**

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), in

---

[3] Caliber asks in passing that Batuhan's opposition brief be stricken from the record as untimely. *See* Reply at 1 (Dkt. No. 38). This request is DENIED.

[4] Caliber requests judicial notice of several documents in conjunction with its motion to dismiss. Dkt. No. 32. Because I do not rely on these documents to resolve the motion, the request is DENIED AS MOOT.

3

1   order to "give the defendant fair notice of what the claim is and the grounds upon which it rests,"
2   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and alterations
3   omitted).

4   A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure
5   12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir.
6   2001). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable
7   legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela
8   Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). While a complaint "need not contain
9   detailed factual allegations" to survive a Rule 12(b)(6) motion, "it must plead enough facts to state
10  a claim to relief that is plausible on its face." *Cousins v. Lockyer*, 568 F.3d 1063, 1067-68 (9th
11  Cir. 2009) (internal quotation marks and citations omitted). A claim is facially plausible when it
12  "allows the court to draw the reasonable inference that the defendant is liable for the misconduct
13  alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

14  In considering whether a claim satisfies this standard, the court must "accept factual
15  allegations in the complaint as true and construe the pleadings in the light most favorable to the
16  nonmoving party." *Manzarek v. St. Paul Fire & Marines Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir.
17  2008). However, "conclusory allegations of law and unwarranted inferences are insufficient to
18  avoid a Rule 12(b)(6) dismissal." *Cousins*, 568 F.3d at 1067 (internal quotation marks omitted).
19  "[I]t is within [the court's] wheelhouse to reject, as implausible, allegations that are too
20  speculative to warrant further factual development." *Dahlia v. Rodriguez*, 735 F.3d 1060, 1076
21  (9th Cir. 2013).

22  **DISCUSSION**

23  Caliber contends that each of Batuhan's four causes of action are defective and should be
24  dismissed under Rule 12(b)(6). I agree.

25  **I.   FIRST CAUSE OF ACTION: BREACH OF FIDUCIARY DUTY**

26  The elements of a claim for breach of fiduciary duty under California law are (1) the
27  existence of a fiduciary duty; (2) a breach of that duty; and (3) "damage proximately caused by
28  that breach." *City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 68 Cal. App. 4th

445, 483 (1998); *accord Meister v. Mensinger*, 230 Cal. App. 4th 381, 395 (2014).

Most of the allegations underlying Batuhan's breach of fiduciary duty cause of action are aimed at Assurity, not Caliber. *See* FAC ¶¶ 13-23. With respect to Caliber, Batuhan alleges only that Caliber "is attempting to Default and Accelerate the [her] Note and Deed of Trust without any proof that [it] ha[s] the authority to do so." *Id.* ¶ 24. Elsewhere in the FAC, she similarly alleges that "[t]here are no recorded documents granting [Caliber] [the] authority to Default or Accelerate [plaintiff's] purported loan." *Id.* ¶ 10.

Batuhan has not stated a claim for breach of fiduciary duty against Caliber. Courts applying California law have repeatedly held that "a loan servicer does not owe a fiduciary duty to a borrower beyond the duties set forth in the loan contract." *Marks v. Ocwen Loan Servicing*, No. 07-cv-02133-SI, 2009 WL 975792, at *7 (N.D. Cal. Apr. 10, 2009); *see also Saterbak v. Nat'l Default Servicing Corp.*, No. 15-cv-00956, 2015 WL 5794560, at *15 (S.D. Cal. Oct. 1, 2015); *James v. Litton Loan Servicing, LP*, No. 10-cv-05407-CRB, 2011 WL 724969, at *3-4 (N.D. Cal. Feb. 22, 2011); *Castaneda v. Saxon Mortgage Servs., Inc.*, 687 F. Supp. 2d 1191, 1198 (E.D. Cal. 2009); *Watts v. Decision One Mortgage Co., LLC*, No. 09-cv-00043, 2009 WL 2044595, at *2-3 (S.D. Cal. July 13, 2009). Batuhan identifies no "special circumstances" justifying a departure from this approach. *Cf. Oaks Mgmt. Corp. v. Superior Court*, 145 Cal. App. 4th 453, 466 (2006) ("[A]bsent special circumstances not present here a loan transaction is at arms-length and there is no fiduciary relationship between the borrower and lender.").

Nor does she plausibly allege that Caliber acted "beyond the duties set forth in the loan contract." *Marks*, 2009 WL 975792, at *7. Covenant 9 of the Deed of Trust provides that "Lender may . . . require immediate payment in full of all sums secured by this Security Instrument if . . . Borrower defaults by failing to pay in full any monthly payment required." Deed of Trust at p. 4. The Notice of Default indicates that Batuhan did not make monthly payments on her loan for over a year, from 09/01/2013 to 12/01/2014. *See* FAC Ex. F. Batuhan submits both the Deed of Trust and the Notice of Default as exhibits attached to her complaint and alleges no facts contradicting the information in those documents.

Batuhan's allegation that the "sale, transfer, or assignment" of her loan to LSF9 Master

5

1  Participation Trust was not recorded also fails to support a claim for breach of fiduciary duty.
2  California law does not require that an assignment of a deed of trust be recorded to be enforceable.
3  *See Haynes v. EMC Mortgage Corp.*, 205 Cal. App. 4th 329, 336-37 (2012); *see also Benson v.*
4  *Ocwen Loan Servicing, LLC*, 562 F. Appx. 567, 570 (9th Cir. 2014); *In re Marques*, No. 14-cv-
5  00615, 2014 WL 5023226, at *6-7 (C.D. Cal. Oct. 7, 2014); *McCloskey v. Land Home Fin. Servs.*,
6  No. 12-cv-02775-YGR, 2013 WL 588765, at *3 (N.D. Cal. Feb. 13, 2013). An assignment of a
7  promissory note does not need to be recorded either. *See Yvanova v. New Century Mortgage*
8  *Corp.*, 199 Cal. Rptr. 3d 66 (Cal. 2016) ("A promissory note is a negotiable instrument the lender
9  may sell without notice to the borrower."). Batuhan cites no contrary authority and offers no
10 explanation of why the absence of a recording of either the deed of trust or the promissory note in
11 this case would support a finding of liability against Caliber.
12 The motion to dismiss the first cause of action for breach of fiduciary duty is GRANTED.

## II.  SECOND CAUSE OF ACTION: SLANDER OF TITLE

To prevail on a cause of action for slander of title, a plaintiff must show "(1) a publication, (2) which is without privilege or justification, (3) which is false, and (4) which causes direct and immediate pecuniary loss." *Alpha & Omega Dev., LP v. Whillock Contracting, Inc.*, 200 Cal. App. 4th 656, 664 (2011) (internal quotation marks and alterations omitted); *accord Manhattan Loft, LLC v. Mercury Liquors, Inc.*, 173 Cal. App. 4th 1040, 1051 (2009).

As in her original complaint, Batuhan's slander of title cause of action in the FAC appears to be based on Caliber's sending of the Notice of Sale on November 5, 2014. *See* FAC ¶¶ 28-29. Batuhan's theory appears to be that the sending of the Notice of Sale constituted slander of title because "the chain of title . . . ha[d] not been disclosed by proper recording." *Id.* ¶ 29.

This theory is without merit. As stated above, the assignments of the deed of trust and promissory note did not need to be recorded. Batuhan has again failed to "plausibly establish that Caliber was without privilege or justification to send the [Notice of Sale], that the contents of the [Notice of Sale] were false, or that [she] has suffered the sort of harm that gives rise to a slander of title claim." Prior Order at 5. The motion to dismiss the second of action for slander of title is GRANTED.

### III. THIRD CAUSE OF ACTION: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS ("IIED")

"The elements of a prima facie case of intentional infliction of emotional distress in California are (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Tekle v. United States*, 511 F.3d 839, 855 (9th Cir. 2007) (internal quotation marks omitted). To satisfy the first requirement, the defendant's conduct "must be so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Id.* (internal quotation marks omitted). "Generally, conduct will be found to be actionable where the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'" *Berkley v. Dowds*, 152 Cal. App. 4th 518, 533-34 (2007) (some internal quotation marks omitted).

This cause of action is based on Caliber's debt collection efforts. Batuhan accuses Caliber of "fraudulently threatening to Default and Accelerate the Note and Deed of Trust in which they have no right, title, or interest." FAC ¶ 34. She alleges that this conduct "was undertaken with the specific intent of inflicting emotional distress on [her], such that [she] would be so emotionally distressed and debilitated that [she] would be unable to exercise legal rights in the Property." *Id.* ¶ 35. She states that as a result of Caliber's conduct she has suffered "severe emotional distress, including but not limited to lack of sleep, anxiety, and depression." *Id.* ¶ 37.

These allegations do not support a cause of action for IIED against Caliber. They are predicated on the notion that the Notice of Default was "fraudulent." *Id.* ¶ 34. Batuhan alleges no facts to support this theory apart from her contention that the assignment of the deed of trust and promissory note were not recorded.[5] "[C]ourts have recognized that the attempted collection of a debt by its very nature often causes the debtor to suffer emotional distress." *Ross v. Creel Printing & Publ'g Co.*, 100 Cal. App. 4th 736, 745 (2002). "Such conduct is only outrageous if it goes beyond all reasonable bounds of decency." *Id.* (internal quotation marks omitted); *accord Arias v.*

---

[5] If Batuhan has additional facts (apart from the absence of a recording) that support her claim that the Notice of Default was "fraudulent," she should allege them in her second amended complaint.

1   *Capital One, N.A.*, No. 10-cv-01123-MHP, 2011 WL 835610, at *5 (N.D. Cal. Mar. 4, 2011);

2   *Reynoso v. Paul Fin., LLC*, No. 09-cv-03225-SC, 2009 WL 3833298, at *11-12 (N.D. Cal. Nov.

3   16, 2009). Because Batuhan has not plausibly alleged any conduct by Caliber beyond ordinary

4   debt collection efforts, the motion to dismiss the third cause of action for IIED is GRANTED.

## IV.  FOURTH CAUSE OF ACTION: DECLARATORY JUDGMENT

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction . . . , upon the filing of an appropriate pleading, [a federal court] may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201.

Under her declaratory judgment cause of action, Batuhan states that she seeks a declaration from the Court that:

> a. [Assurity] did not comply with the Deed of Trust, specifically, Covenant 19.
>
> b. Because [Assurity and Caliber] did not comply with the Deed of Trust and recording requirements pursuant to statutory requirements of law, plaintiff's title has been slandered and she has suffered undue emotional distress.
>
> c. Because each and every "Lender" who bought the Note and assumed the Deed of Trust from the previous "Lender," failed to comply with Covenant 19 of the Deed of Trust, thus breaching the contract, plaintiff seeks a declaration that she is the sole title holder to the property.

FAC ¶ 41. The only substantive difference between this language and the relevant portion of the original complaint is the addition of the phrase, "and she has suffered undue emotional distress." *See* Compl. ¶ 14.

To the extent that this cause of action is based on the same facts and theories as the other causes of action discussed above, it fails for the same reasons. *See, e.g., Jackson v. Atl. Sav. of Am.*, No. 13-cv-05755-CW, 2014 WL 4802879, at *3-4 (N.D. Cal. Sept. 26, 2014) (dismissing the plaintiff's declaratory judgment cause of action on the ground that it was "based on the same facts alleged to support her other causes of action" and "fail[ed] for the same reasons"); Prior Order at 6 (same).

To the extent that the cause of action is based on the alleged breach of Covenant 19 of the

Deed of Trust, it fails because Batuhan has not plausibly alleged a breach of that provision by Caliber. Covenant 19 provides:

> 19. Reconveyance. Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to reconvey the Property and shall surrender this Security Instrument and all notes evidencing debt secured by this Security Instrument to Trustee. Trustee shall reconvey the Property without warranty to the person or persons legally entitled to it. Such person or persons shall pay any recordation costs. Lender may charge such person or persons a fee for reconveying the Property, but only if the fee is paid to a third party (such as the Trustee) for services rendered and the charging of the fee is permitted under applicable law.

Deed of Trust at p. 7. This provision plainly requires reconveyance only "[u]pon payment of all sums secured by this Security Instrument." *Id.* Nothing in the FAC, its exhibits, or Batuhan's opposition brief indicates that this requirement has been satisfied. Further, Batuhan does not even allege that Caliber breached Covenant 19; the allegations regarding Covenant 19 are aimed at Assurity and other "Lender[s]," not at Caliber.

The motion to dismiss the fourth cause of action for declaratory judgment is GRANTED.

## V. LEAVE TO AMEND AND SERVICE OF PROCESS

Batuhan has already had one opportunity to amend. Her FAC comes no closer than her original complaint to stating a claim against Caliber. Nevertheless, in light of her pro se status and the liberal standard governing amendment of pleadings, I will grant one more opportunity to amend. The second amended complaint, if any, shall be filed within 30 days of the date of this Order. If Batuhan wishes to name any additional defendants in this action, she shall name them in the second amended complaint.

Finally, there is no indication that Batuhan has served Assurity. Within 60 days of the date of this Order, Batuhan shall serve Assurity and file a certificate of service or declaration demonstrating that she has done so.[6] If she fails to submit a certificate of service or declaration by that date and does not establish good cause for failing to do so, I will be inclined to dismiss her

---

[6] As noted above, the notice of removal states that Assurity dissolved in 2010. Notice of Removal ¶ 5. Assuming that Assurity is indeed a dissolved corporation, service of process on it will be governed by Cal. Civ. Proc. Code § 416.20. *See Haskins v. Fuller-O'Brien, Inc.*, No. 11-cv-05142-JST, 2013 WL 1789672, at *3 (N.D. Cal. Apr. 26, 2013).

9

claims against Assurity pursuant to Federal Rule of Civil Procedure 4(m).

**CONCLUSION**

Caliber's motion to dismiss is GRANTED WITH LEAVE TO AMEND. Within 30 days of the date of this Order, Batuhan shall file her second amended complaint, if any. Within 60 days of the date of this Order, she shall file a certificate of service or declaration demonstrating that she has served Assurity.

**IT IS SO ORDERED**.

Dated: March 16, 2016



WILLIAM H. ORRICK
United States District Judge