UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELEANOR A. BATUHAN,<br><br>  Plaintiff,<br><br>  v.<br><br>ASSURITY FINANCIAL SERVICES, LLC, et al.,<br><br>  Defendants. | Case No. 15-cv-04526-WHO<br><br>**ORDER ON REQUEST FOR DISMISSAL WITHOUT PREJUDICE**<br><br>Re: Dkt. No. 46 |

On May 16, 2016, plaintiff filed a letter requesting dismissal of this case without prejudice and stating that she "would like to start over and file once again" in state court. Dkt. No. 46. Defendant Caliber Home Loans, Inc. ("Caliber") filed a response to the letter on May 31, 2016, Dkt. No. 48, and plaintiff filed a reply to Caliber's response on June 8, 2016, Dkt. No. 49.

Having considered the parties' filings, I find that plaintiff's claims against Caliber may only be dismissed with prejudice. "The Ninth Circuit has long held that the decision to grant a voluntary dismissal under [Federal Rule of Civil Procedure] 41(a)(2) is addressed to the sound discretion of the district court." *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982). "When ruling on a motion to dismiss without prejudice, the district court must determine whether the defendant will suffer some plain legal prejudice as a result of the dismissal." *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996). In making this determination, "[a] district court may consider whether the plaintiff is requesting a voluntary dismissal only to avoid a near-certain adverse ruling." *Maxum Indem. Ins. Co. v. A-1 All Am. Roofing Co.*, 299 F. Appx. 664, 666 (9th Cir. 2008); *see also AF Holdings LLC v. Navasca*, No. 12-cv-02396-EMC, 2013 WL 1748011, at *3 (N.D. Cal. Apr. 23, 2013) ("[A] dismissal to avoid an adverse determination on the merits of the action or even to avoid the effect of other unfavorable, but not necessarily dispositive, rulings by the court may constitute legal prejudice.")

(internal quotation marks omitted).

In light of the two prior substantive orders in this case – one granting Caliber's motion for judgment on the pleadings and the other granting its motion to dismiss – and the absence of any indication that plaintiff can amend her allegations to surmount the holdings in those orders, I find that Caliber would suffer some plain legal prejudice as a result of a dismissal without prejudice of the claims against it. Accordingly, plaintiff may voluntarily dismiss her claims against defendant Assurity Financial Services, LLC without prejudice, but her claims against Caliber may only be dismissed with prejudice.

Where a district court imposes conditions on a request for dismissal under Rule 41(a)(2), "a plaintiff has the choice between accepting the conditions and obtaining dismissal [or], if [s]he feels that the conditions are too burdensome, withdrawing [her] motion and proceeding with the case on the merits." *Lau v. Glendora Unified Sch. Dist.*, 792 F.2d 929, 930-31 (9th Cir. 1986). The plaintiff must be given "a reasonable period of time within which to refuse the conditional voluntary dismissal by withdrawing her motion for dismissal or to accept the dismissal despite the imposition of conditions." *Id.* at 931.

Plaintiff has ten (10) days from the date of this Order to withdraw her request for dismissal and file her second amended complaint. If she does not do so, this case will be dismissed in accordance with this Order.

**IT IS SO ORDERED**.

Dated: June 17, 2016



WILLIAM H. ORRICK
United States District Judge